ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 17 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:05-CR-0134-N |
| STEVEN KYLE MAXWELL | § | |

**PLEA AGREEMENT**

Defendant Steven Kyle Maxwell (Maxwell), defendant's attorney David Finn, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Maxwell understands that he has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Maxwell waives these rights and pleads guilty to the offense alleged in Count One of the indictment charging a violation of 49 U.S.C. § 46504, that is, Interference with Flight Crew Members and Attendants. Maxwell understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed **twenty years**;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of **not more than three years**, which may be mandatory under the law and will follow any term of imprisonment. If Maxwell violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release up to **a maximum of two years**;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Maxwell agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Maxwell understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Maxwell has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Maxwell will not be allowed to withdraw his plea if his sentence is higher than expected. Maxwell fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Prior to sentencing, Maxwell agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation:** Maxwell shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction. Upon demand, Maxwell shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of Maxwell's cooperation.

7. **Government's agreement:** The government will not bring any additional charges against Maxwell based upon the conduct underlying and related to Maxwell's plea of guilty. The government will dismiss, after sentencing, Count Two of the Indictment. The government further agrees not to take a position in opposition to any argument by Maxwell that the conduct alleged in Count Two of the indictment does not come within Section 2A2.2 of the Guidelines. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Maxwell or any property.

8. **Violation of agreement:** Maxwell understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Maxwell for all offenses of which it has knowledge. In such event, Maxwell waives any objections based

upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Maxwell also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.   **Voluntary plea:**  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10.   **Waiver of right to appeal or otherwise challenge sentence:**  Maxwell waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Maxwell, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11.   **Representation of counsel:**  Maxwell has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Maxwell has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Maxwell has

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 17th day of October, 2005.

_____
STEVEN KYLE MAXWELL
Defendant

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
PAUL YANOWITCH
Assistant United States Attorney
Illinois Bar No. 6188269
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.2846

_____
DAVID FINN
Attorney for Defendant

_____
LINDA GROVES
Deputy Criminal Chief

Plea Agreement - Page 5